342-19/MF/MAM
FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Plaintiff*
CMA CGM, S.A.
80 Pine Street, 25th Floor
New York, NY 10005
Telephone: (212) 425-1900
Facsimile: (212) 425-1901
Michael Fernandez
Manuel A. Molina
Cody King

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CMA CGM, S.A.,                                              **19 CIV.**        (          )

                              Plaintiff,                         **COMPLAINT**

       -against-

AVANI ENVIRONMENTAL GROUP, LLC,

                              Defendant.
------------------------------------------------------------------------x

      Plaintiff CMA CGM, S.A. ("CMA CGM"), by and through its attorneys Freehill Hogan & Mahar, LLP, as and for its Complaint against defendant AVANI ENVIRONMENTAL GROUP, LLC ("AVANI"), alleges upon information and belief as follows:

### JURISDICTION

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that this action involves claims for breach of marine contracts concerning the transportation by sea of certain cargoes. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.*

      2.     The case also falls within this Court's diversity jurisdiction pursuant to 28 U.S.C. §1332, *et seq.* because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

505951.1

3.     This proceeding is also brought in connection with a parallel proceeding that CMA CGM has instituted against AVANI (among others) in the Commercial Court of Marseille, which, as more fully set forth herein below, possesses exclusive jurisdiction to adjudicate, under French law, any dispute that arises between the parties pursuant to the terms and conditions of the maritime contracts of carriage at issue. A copy of the Writ of Summons filed with the Commercial Court of Marseille on May 24, 2019 is annexed hereto as Exhibit A and all allegations and causes of action are fully incorporated herein.

4.     This action is therefore brought: (a) to toll any applicable limitation periods that may ultimately bar any claim against AVANI in New York in the event the French Court determines it lacks jurisdiction over the defendant, and should not be construed as a waiver by CMA CGM of the exclusive jurisdiction conferred to the French Court pursuant to the maritime contracts of carriage at issue, and all rights therein are expressly reserved; and (b) to have this Court eventually recognize and enforce any judgment issued by the Commercial Court of Marseille against AVANI pursuant to New York's Article 53 of the Civil Procedure Law and Rules governing the Recognition of Foreign Country Money Judgments, N.Y. C.P.L.R. §5301 *et seq.*

### THE PARTIES

5.     At all times relevant hereto, CMA CGM was and still is a business entity organized and existing under the laws of a foreign country with an office and place of business at 4 quai d'Arenc, 13002, Marseille, France.

6.     At all times relevant hereto, AVANI was and still is a business entity organized and existing under the laws of New York, with an office and place of business at 648 North Dunton Avenue, East Patchogue, New York 11772.

## FACTUAL BACKGROUND

7.     On or about March 27, 2018, pursuant to the maritime contracts of carriage at issue, as reflected in CMA CGM Bills of Lading numbers PSP0150914A, PSP0150914B and PSP0151007, CMA CGM agreed to transport by sea for AVANI's account 25 containers said to contain flexitanks filled with used oil (a/k/a "cargo") from Point Lisas in Trinidad and Tobago to Nhava Sheva, India (the "Containers").

8.     AVANI packed, or arranged for the packing, of the used oil into the flexitanks which were then stuffed into the Containers.

9.     On or about March 27, 2018, the Containers were tendered for shipment by AVANI to CMA CGM at Point Lisas and loaded onboard the M/V ARIAN for carriage to Nhava Sheva.

10.     As evinced by CMA CGM Bills of Lading at issue, AVANI declared the cargoes to be Non Hazardous.

11.     On or about May 24, 2018, during the transshipment of the Containers at the port of Ningbo, China, one of the Containers burst (TCLU7351094), causing the spill of the used oil and, concomitantly, extensive pollution at the port (the "Incident").

12.     The Incident occurred in full or in part because the cargo had an impermissibly high water content that resulted in evaporation and, ultimately, in the build-up of gas in one of the flexitanks thereby causing it to burst.  Additionally, and upon further inspection, it was discovered that gases similarly built up in other flexitanks thereby rendering the cargo unfit, unsuitable and/or dangerous to move forward as packaged in those Containers.

13.     As a result of the Incident and related actions involving the Containers, CMA CGM incurred extensive costs and expenses involving, but not limited to: clean-up of the used oil, pollution, inspection, survey, hazmat, storage, physical damage to the Containers, removal,

transfer, destruction and/or disposal of the used oil, abandonment of the cargo and/or attorney's fees, in the amount of $1.3 million dollars, as best as can be reasonably ascertained at this time, demand for which has been made but no part of which has been paid by AVANI.

      14.    CMA CGM's claims are subject to CMA CGM's standard terms and conditions (the "Carriage Terms") which provide in relevant part as follows:

> **"Bill of Lading"** means the present document whether called Bill of Lading or Waybill.
> **"Carriage"** means the whole or any part of the operations and services undertaken by the Carrier in respect of the Goods.
> **"Carrier"** means the Party on whose behalf this Bill of Lading is issued.
> **"Merchant"** includes the Shipper, Holder, Consignee, Receiver of the Goods, any Person owning or entitled to the possession of the Goods or of this Bill of Lading and anyone acting on behalf of any such Person."

### 20. DANGEROUS GOODS

(1) No Goods which are or may become dangerous, inflammable or damaging (including radio-active materials), or which are or may become liable to damage any property whatsoever, shall be tendered to the Carrier for Carriage without its express consent in writing, and without the Container as well as the Goods themselves being distinctly marked on the outside so as to indicate the nature and character of any such Goods and so as to comply with any applicable laws, regulations or requirements. If any such Goods are delivered to the Carrier without such written consent and/or marking, or if in the opinion of the Carrier the Goods are liable or deemed liable to become of dangerous, inflammable or damaging nature, they may at any time be destroyed, disposed of, abandoned, or rendered harmless without compensation to the Merchant and without prejudice to the Carrier's right to Freight.

(2) The Merchant undertakes to provide the Carrier with all accurate and up to date detailed information related to the nature, dangerousness, and stowage, storage and transportation of such Goods and that such Goods are packed stowed and stuffed in a manner adequate to withstand the risks of Carriage having regard to their nature and in compliance with all laws or regulations which may be applicable during the Carriage.

(3) Whether or not the Merchant was aware of the nature of the Goods, the Merchant shall indemnify the Carrier against all claims, losses, damages or expenses arising in consequence of the Carriage of such Goods.

(4) Nothing contained in this Clause shall deprive the Carrier of any of its rights provided for elsewhere.

**23. SHIPPER-PACKED CONTAINERS**
If a Container has not been packed by or on behalf of the Carrier:

(1) The Carrier shall not be liable for loss of or damage to the Goods caused by:
(a) the manner in which the Goods has been packed, stowed, stuffed or secured, or

(b) the unsuitability of the Goods for Carriage in the Container supplied. . . .

\* \* \*
(3) The Merchant shall indemnify the Carrier against any loss, damage, liability or expense whatsoever and howsoever arising caused by one or more of the matters referred to in Clause 23 (1) . . . .

**26. SHIPPER'S / MERCHANT'S RESPONSIBILITY**

(1) All of the Persons coming within the definition of Merchant in Clause 1 shall be jointly and severally liable to the Carrier for the due fulfilment of all obligations undertaken by the Merchant in this Bill of Lading, and remain so liable throughout Carriage notwithstanding their having transferred this Bill of Lading and/or title to the Goods to any third party. Such liability shall include but not be limited to court costs, expenses and attorney's fees incurred in collecting charges and sums due to the Carrier.

(2) The Shipper warrants to the Carrier that the particulars relating to the Goods as set out overleaf have been checked by the Shipper on receipt of this Bill of Lading and that such particulars, and any other particulars furnished by or on behalf of the Shipper, are adequate and correct. The Shipper also warrants that the Goods are lawful Goods and contain no contraband.

(3) The Merchant shall indemnify the Carrier against all loss, damage, fines and expenses arising or resulting from any breach of any of the warranties in Clause 26 (2) hereof or from any other cause in connection with the Goods for which the Carrier is not responsible.

**30. LAW**

Except as specifically provided elsewhere herein, **French law** shall apply to the Terms and Conditions of this Bill of Lading, and **French law** shall also be applied in interpreting the Terms and Conditions hereof.

**31. JURISDICTION**

All claims and actions arising between the Carrier and the Merchant in relation with the contract of Carriage evidenced by this Bill of Lading shall be brought before the **Tribunal de Commerce de Marseille** and no other Court shall have jurisdiction with regards to any such claim or action. Notwithstanding the above,

the Carrier is also entitled to bring the claim or action before **the Court of the place where the defendant has his registered office.**

15.     By reason of the foregoing, AVANI is liable to CMA CGM in the sum of $1.3 million, as best as can be reasonably ascertained at this time, plus interest, attorneys' fees and costs.

16.     At all times, CMA CGM fully and properly performed under the bill-of-lading contracts at issue and otherwise.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

17.     CMA CGM repeats and realleges each and every allegation set forth in the proceeding paragraphs as if fully set forth herein.

18.     The bill-of-lading contracts at issue are valid and enforceable.

19.      Pursuant to the Carriage Terms, and for purposes of the sea transportation at issue, CMA CGM was the "Carrier" and AVANI the "Merchant."

20.     AVANI breached the maritime contracts at issue by providing CMA CGM with dangerously packed, improperly loaded and/or stuffed cargoes as well as cargoes that were hazardous, and/or flexitanks that were defective and/or otherwise unsuitable for ocean transportation.

21.     The Containers were packed and/or stuffed by AVANI, its employees, servants, agents and/or other persons acting on its behalf.

22.     By virtue of the Carriage Terms, AVANI is liable to and must indemnify CMA CGM for the damages complained of herein.

23.     As a result of AVANI's breaches of the maritime contracts at issue, CMA CGM has suffered damages in the amount of $1.3 million, as best as can reasonably ascertained at this time, together with interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION – BREACH OF WARRANTY

24.    CMA CGM repeats and realleges each and every allegation set forth in the proceeding paragraphs as if fully set forth herein.

25.    AVANI expressly warranted, and/or it was an implied term in the Carriage Terms, that: (a) the cargoes in the Containers and flexitanks were fit and safe for carriage in the ordinary way or were not dangerous in any respect; and/or (b) AVANI would not ship or tender for shipment goods which had been dangerously packed or containerized.

26.    AVANI breached its contractual express or implied warranties by tendering for shipment to CMA CGM the Containers which were improperly or dangerously packed and/or stuffed, and/or cargoes that were hazardous, and/or flexitanks that were defective and/or otherwise unsuitable for ocean transportation or for their intended purpose.

27.    As a result of AVANI's breach of its contractual express and implied warranties, CMA CGM has suffered expenses in the amount of $1.3 million, as best as can reasonably be ascertained at this time, together with interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION – FAILURE TO WARN

28.    CMA CGM repeats and realleges each and every allegation set forth in the proceeding paragraphs as if fully set forth herein.

29.    At all material times, AVANI had a duty to furnish to CMA CGM  cargoes and/or flexitanks that were safe for ocean transportation, properly packed, loaded and/or stuffed, were not in any way hazardous and/or that were otherwise free of defects.

30.    The damages sustained by CMA CGM as a result of the Incident were caused by the acts, omission, fault and neglect of AVANI, its employees, servants, agents and/or other individuals acting on its behalf including but not limited to failure to warn of the dangers presented by cargoes and/or flexitanks in the Containers and or strict liability.

31.     By virtue of the foregoing CMA CGM has suffered damages in the sum of $1.3 million, as best as can reasonably be ascertained at this time, together with interest, attorneys' fees and costs.

**WHEREFORE,** CMA CGM prays for the following relief against AVANI:

a.  That process in due form of law according to the practice of this Court may issue against the defendant AVANI citing it to appear and answer the foregoing;

b.  That, this matter be filed strictly for protective purposes in regard to a possible one year time bar and without prejudice to or waiver of a similar action that has been commenced in France by CMA CGM against AVANI pursuant to the mandatory and exclusive French foreign forum selection clause contained in the subject Bills of Lading issued by CMA CGM;

c.  That, after issue is joined and upon application by CMA CGM, this action be stayed pending the issuance of a decision or Judgment by the French Court;

d.  That, upon the issuance of a Judgment by the French Court against AVANI, this action be re-opened and/or restored to the Court's active calendar so that the French Judgment may be recognized and enforced pursuant to New York's statute governing the Recognition of Foreign Country Money Judgments so that the Court may enter judgment in favor of CMA CGM against AVANI, together with interest, reasonable attorneys' fees, and costs; and

e.  That CMA CGM have such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        May 30, 2019

                            FREEHILL HOGAN & MAHAR, LLP
                            Attorneys for Plaintiff
                            CMA CGM, S.A.


                    By:  _Michael Fernandez_____
                            Michael Fernandez
                            Manuel A. Molina
                            fernandez@freehill.com
                            molina@freehill.com

# EXHIBIT A

SCP
ROLL
MASSARD
NOCHEZ
74 RUE SAINTE
- LE SAINT JAMES - BP 40055
13251 MARSEILLE Cedex 20
☎ : 04.91.59.90.80
📠 : 04.91.59.90.81
✉ : scp.roll.massard@huissier-justice.fr

Site web : www.huissierdemarseille.fr
POPULAIRE MEDITERRANEE
IBAN N°: FR 76 14607 00226 00262607405 24

# ACTE
# D'HUISSIER
# DE
# JUSTICE
*EXPEDITION*

| COUT DE L'ACTE | |
|---|---|
| Décret n°2016-230 du 26 février 2016 | |
| Arrêté du 26 février 2016 fixant les tarifs | |
| réglementés des huissiers de justice | |
| Emolument (Art R444-3 C. Com) | 180,00 |
| Frais de déplacement (Art A444-48) | 7,67 |
| **Total HT** | **187,67** |
| TVA (20.00 %) | 37,53 |
| Taxe forfaitaire (Art 302 bis du CGI) | 14,89 |
| **Total hors affranchissement** | **240,09** |
| Affranchissement (Art R444-3) | |
| Affranchissement LS | 16,55 |
| **Total TTC** | **256,64** |
| Acte soumis à la taxe | |



Références : V – 37358
LP - SGDEMACTE1

## ACTE DE TRANSMISSION
## A AUTORITE COMPETENTE ETRANGERE

Dispositions de la Convention de la Haye du 15 novembre 1965 relative à la signification et la notification à l'étranger des actes judiciaires et extrajudiciaires en matière civile ou commerciale

LE : VENDREDI VINGT QUATRE MAI DEUX MILLE DIX NEUF

NOUS, Christine MASSARD, Arnaud ROLL & Claire NOCHEZ, HUISSIERS DE JUSTICE ASSOCIES AU SEIN DE LA SOCIETE CIVILE PROFESSIONNELLE ROLL - MASSARD - NOCHEZ A LA RESIDENCE DE MARSEILLE, LE SAINT JAMES, 74 RUE SAINTE - 13007, AGISSANT PAR L'UN D'EUX SOUSSIGNE,

### A LA DEMANDE DE :
SA CMA CGM, Société Anonyme immatriculée sous le N° B562024422 au Registre du Commerce et des Sociétés de Marseille, dont le siège social est à (13002) MARSEILLE, 4 Quai D'ARENC agissant poursuites et diligences de son Directeur général en exercice domicilié audit siège en cette qualité
Elisant domicile en mon Etude.

### ATTESTE :
Avoir accompli, ce jour, les formalités prévues par les dispositions de la Convention de la Haye du 15 novembre 1965 relative à la signification et la notification à l'étranger des actes judiciaires et extrajudiciaires en matière civile ou commerciale

A CET EFFET J'AI ADRESSE A :
PROCESS FORWARDING INTERNATIONAL (PFI)
633 YESLER WAY
WA 98104 SEATTLE
ETATS-UNIS D'AMERIQUE

Autorité compétente, par lettre recommandée avec demande d'avis de réception,

- Le formulaire F2 requis par le pays destinataire, dûment complété, daté et signé ; en double exemplaire.
- Le projet d'acte à signifier : une assignation devant le Tribunal de commerce de MARSEILLE pour l'audience du Mardi trois septembre deux mille dix-neuf à huit heures trente minutes (03/09/2019 à 08 heures 30), en double exemplaire ; accompagné de sa traduction en langue anglaise en deux exemplaires également.

Le projet de l'acte est destiné à être signifié ou notifié à :

Pour : LA SOCIETE AVANI ENVIRONMENTAL GROUP LLC, ETATS-UNIS D'AMERIQUE, 648 North Dunton ave East Patchogue, New-York 11772

Une copie du formulaire ainsi que le projet de l'acte transmis et sa traduction en langue anglaise sont annexés au présent acte.

En application des dispositions de l'article 686 du Code de procédure civile, j'ai adressé le jour même au destinataire, par lettre recommandée avec demande d'avis de réception, une copie certifiée conforme de l'acte notifié en lui indiquant qu'elle n'en constitue qu'une simple copie.

Christine MASSARD-NOELL    Arnaud ROLL    Claire NOCHEZ



Références : V – 37358
LP - SGDEMACTE1

Formulaire F2 (page 1)

# DEMANDE AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ETRANGER D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE
# REQUEST FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.
Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

| Identité et adresse du requérant – *Identity and address of the applicant* | Adresse de l'autorité destinataire – *Address of receiving authority* |
|---|---|
| SCP ROLL - MASSARD - NOCHEZ Huissiers de Justice associés à la résidence de Marseille - LE SAINT JAMES - BP 40055 - 74 RUE SAINTE - 13251 MARSEILLE Cedex 20 | PROCESS FORWARDING INTERNATIONAL (PFI) 633 YESLER WAY - WA 98104 SEATTLE - ETATS-UNIS D'AMERIQUE |

Le requérant soussigné a l'honneur de faire parvenir – en double exemplaire – à l'autorité destinataire les documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir :

*The undersigned applicant has the honour to transmit – in duplicate – the documents listed below and, in conformity with article 5 of the above-mentionned Convention, requests prompt service of one copy thereof on the address,i.e :*

LA SOCIETE AVANI ENVIRONMENTAL GROUP LLC, ayant son siège social situé : 648 North Dunton ave East Patchogue, New-York 11772 - ETATS-UNIS D'AMERIQUE

a) selon les formes légales (article 5, alinéa premier, lettre a)*

*a) in accordance with the provision of sub-paragraph (a) of the first paragraph of article 5 of the Convention\**

b) selon la forme particulière suivante (article 5, alinéa premier, lettre b)* :

*b) in accordance with the following particular method (sub-paragraph(b) of the first paragraph of article 5)\* :*

c) le cas échéant, par remise simple (article 5, alinéa 2)*

*c) by delivery to the address, if he accepts it voluntary (second paragraph of article 5)\**

Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes* - avec l'attestation figurant au verso.

*The authority is requested to return or to have returned to the applicant a copy of the documents –and the annexes\*- with a certificate as provided on the reverse side.*

Enumération des pièces :
*List of documents :*

1. ACTE A SIGNIFIER : une assignation devant le Tribunal de commerce de MARSEILLE , accompagné de sa traduction en langue anglaise

Fait à MARSEILLE le 24/05/2019
*Done at MARSEILLE the 24/05/2019*

* rayer les mentions inutiles
*\* delete if inappropriate*

Signature et/ou cachet
*Signature and/or stamp*

~~Christine MASSARD-NOEL~~     ~~Arnaud ROLL~~     Claire NOCHEZ

Formulaire F2 (page 2)

# ATTESTATION
# CERTIFICATE

Partie à remplir par l'autorité étrangère devant effectuer la notification
*To be completed by the foreign authority to perform the notification*

L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,
*The undersigned authority has the honour to certify, in accordance with article 6 of the Convention,*

1. que la demande a été exécutée *

1. *that the document has been served *

   - Le (date)_____

   - *The (date) _____*

   - A (localité, rue, numéro) _____

   - *At (place, street, number) _____*

   - Dans une des formes suivantes prévues à l'article 5 :

   - *In one of the following methods authorised by article 5 :*

     a) selon les formes légales (article 5, alinéa premier, lettre a) *

     a) *in accordance with the provision of sub-paragraph (a) of the first paragraph of article 5 of the Convention *

     b) selon la forme particulière suivante (article 5, alinéa premier, lettre b) *

     b) *in accordance with the following particular method (sub-paragraph(b) of the first paragraph of article 5) *

     c) le cas échéant, par remise simple (article 5, alinéa 2) *

     c) *by delivery to the address, if he accepts it voluntary (second paragraph of article 5) *

Les documents mentionnés dans la demande ont été remis à :
*The documents referred to in the request have been delivered to :*

   - (identité et qualité de la personne) _____

   - *(identity and description of person) _____*

   - liens de parenté, de subordination ou autres, avec le destinataire de l'acte _____

   - *relationship to the address (family, business or other) _____*

2. que la demande n'a pas été exécutée, en raison des faits suivants* :

2. *that the document has not been served, by reason of the following facts* :*

_____
_____

Conformément à l'article 12 alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint*.

*In accordance with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expens detailed in the attached statement *.*

Annexes / *Annexes :*

Pièces renvoyées : _____

*Documents returned : _____*

Le cas échéant, les documents justificatifs de l'exécution :_____

*In appropriate cases, documents establishing the service : _____*

| Enumération des pièces<br>List of documents | | |
|---|---|---|
| | | Fait à    le |
| | | Done at   the |
| * rayer les mentions inutiles | | Signature et/ou cachet |
| *\* delete if inappropriate* | | *Signature and/or stamp* |

Formulaire F2 (page 3)

# ELEMENTS ESSENTIELS DE L'ACTE
# SUMMARY OF THE DOCUMENT TO BE SERVED

Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.

*Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.*

### (ARTICLE 5, ALINEA 4)
### (ARTICLE 5, FOURTH PARAGRAPH)

Nom et adresse de l'autorité requérante :

*Name and address of the requesting authority :*

SCP ROLL - MASSARD - NOCHEZ Huissiers de Justice associés à la résidence de Marseille - LE SAINT JAMES - BP 40055 - 74 RUE SAINTE - 13251 MARSEILLE Cedex 20

Identité des parties* :

*Identity of the parties* :*

| DEMANDEUR | DESTINATAIRE DE L'ACTE |
|---|---|
| SA CMA CGM, dont le siège social est à (13002) MARSEILLE, TOUR CMA CGM - 4 Quai D'ARENC – représenté par son Directeur général en exercice | LA SOCIETE AVANI ENVIRONMENTAL GROUP LLC, 648 North Dunton ave East Patchogue,   New-York 11772 - ETATS-UNIS D'AMERIQUE, |

### ACTE JUDICIAIRE **
### JUDICIAIL DOCUMENT **

Nature et objet de l'acte - *Nature and purpose of the document :*

Assignation

Nature et objet de l'instance, le cas échéant, le montant du litige - *Nature and purpose of the proceding and, where appropriate, the amount in dispute :*

- Condamnation au paiement de la somme de 1,300,000 US Dollars, à parfaire

- Condamnation au paiement de la somme de la somme de 10000 Euros, au titre de l'article 700 du Code de Procédure Civile + dépens

Date et lieu de la comparution ** - *Date and place for entering appearance ** :*

Mardi 03 Septembre 2019 (03/09/2019) à 8h30

TRIBUNAL DE COMMERCE DE MARSEILLE situé 2 Rue Emile Pollak, 13006 Marseille

~~Juridiction qui a rendu la décision ** - Court which has given judgement ** :~~

~~Date de la décision ** - Date of judgement ** :~~

~~Indication des délais figurant dans l'acte ** - Time limits stated in the document ** :~~

### ~~ACTE EXTRAJUDICIAIRE **~~
### ~~EXTRAJUDICIAL DOCUMENT **~~

~~Nature et objet de l'acte - Nature and purpose of the document :~~

~~Indication des délais figurant dans l'acte ** - Time limits stated in the document ** :~~

* s'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte / * *if appropriate, identity and address of the person interested in the transmission of the document*

** rayer les mentions inutiles / * *delete if inappropriate*

IDENTITE ET ADRESSE DU DESTINATAIRE
*IDENTITY AND ADDRESS OF THE RECIPIENT*

LA SOCIETE AVANI ENVIRONMENTAL GROUP LLC. 648 North Dunton ave East Patchogue, New-York 11772 - ETATS-UNIS D'AMERIQUE

TRES IMPORTANT

Le document ci-joint est de nature juridique et peut affecter vos droits et obligations. Les «éléments essentiels de l'acte» vous donnent quelques informations sur sa nature et son objet. Il est toutefois indispensable de lire attentivement le texte même du document. Il peut être nécessaire de demander un avis juridique.

Si vous ressources sont insuffisantes, renseignez-vous sur la possibilité d'obtenir l'assistance judiciaire et la consultation juridique soit dans votre pays soit dans le pays d'origine du document.

Les demandes de renseignements sur les possibilités d'obtenir l'assistance judiciaire ou la consultation juridique dans la pays d'origine du document peuvent être adressées :..................................... .....  ...... .........  .. .....

*IMPORTANT*

*The enclosed document is of a legal nature and may affect your rights and obligations. The "summary of the document to be served" will give you some information about its nature and purpose. You should however read the document itself carefully. It may be necessary to seek legal advice.*

*If your financial resources are insufficient you should seek information on the possibility of obtaining legal aid or advice either in the country where you live or in the country where the document was issued.*

*Enquiries about the availability of legal aid or advice in the country where the document was issued may be directed to :* ................................................................

# ASSIGNATION
# DEVANT
# LE TRIBUNAL DE COMMERCE DE MARSEILLE

**L'AN DEUX MILLE DIX-NEUF ET LE**

**À LA REQUÊTE DE :**

**CMA CGM S.A.**
Société de droit français immatriculée au Registre de Commerce et des Sociétés de Marseille sous le no. 562 024 422, sise au 4 quai d'Arenc 13002 MARSEILLE

Agissant poursuites et diligences de son représentant légal en exercice y domicilié ès qualités,

Ayant pour Avocats, Maître Henri NAJJAR, du Barreau de Paris, et Maître Morgane ROUSSEL, du Barreau de Marseille, de l'AARPI Inter-Barreaux DELVISO-AVOCATS, 3 quai de la Joliette 13002 Marseille, Tél. : 04.91.90.36.10, Fax : 04.91.90.36.11.

**NOUS**

**DONNONS ASSIGNATION À :**

**(1) A.A. LOGISTICS LTD**
Société de droit trinidadien sise au 34 Mora drive, Sou Sou lands, Carlsen field, Chaguanas et domiciliée à Central Warehousing Complex, Needlemate Warehouse Upstairs Office, Cunupia (TRINITÉ ET TOBAGO)

prise en la personne de ses représentants légaux domiciliés audit siège.

**(2) AVANI ENVIRONMENTAL GROUP LLC**
Société de droit étasunien, sise au 648 North Dunton ave East Patchogue, New-York 11772 (ETATS-UNIS)

prise en la personne de ses représentants légaux domiciliés audit siège.

**(3) G.S. BHARAT REFINERY**
Société de droit indien sise au 351 Mie Part A, Bahadurgarh, Haryana, 124507 (INDE)

prise en la personne de ses représentants légaux domiciliés audit siège.

**(4) EARTH COMPANY LIMITED**
Société de droit trinidadien sise au 114 Kenneth Drive, Gopaul Lands, Marabella (TRINITÉ ET TOBAGO)

prise en la personne de ses représentants légaux domiciliés audit siège

À COMPARAÎTRE LE : MARDI 3 SEPTEMBRE 2019 À 08H30

A l'audience et par devant le Tribunal de Commerce de Marseille, siégeant au 2 rue Emile Pollak 13006 MARSEILLE.

Rappelant, d'une part, qu'aux termes de l'article 56 du Code de Procédure Civile, le défendeur, faute de comparaître, s'expose à ce qu'une décision soit rendue contre lui sur les seuls éléments fournis par son adversaire et, d'autre part, que l'article 853 du même Code indique que les parties se défendent elles-mêmes et qu'elles ont la faculté de se faire assister ou représenter par toute personne de leur choix, ce représentant, s'il n'est pas Avocat, devant justifier d'un pouvoir spécial.

Que l'article 861-2 du Code de Procédure Civile dispose :

*« Sans préjudice des dispositions de l'article 68, la demande incidente tendant à l'octroi d'un délai de paiement en application de l'article 1343-5 du Code Civil peut être formée par déclaration faite, remise ou adressée au greffe, où elle est enregistrée. L'auteur de cette demande doit justifier avant l'audience que l'adversaire en a eu connaissance par lettre recommandée avec demande d'avis de réception. Les pièces que la partie invoque à l'appui de sa demande de délai de paiement sont jointes à la déclaration.*

*L'auteur de cette demande incidente peut ne pas se présenter à l'audience, conformément au second alinéa de l'article 446-1. Dans ce cas, le juge ne fait droit aux demandes présentées contre cette partie que s'il les estime régulières, recevables et bien fondées. »*

## PLAISE AU TRIBUNAL

En mars 2018 la société A.A. LOGISTICS LTD a commandé auprès de la société CMA CGM SA le transport maritime, pour le compte de la société AVANI ENVIRONMENTAL GROUP LLC (« AVANI »), de 25 conteneurs *flexitank* (« les Conteneurs ») dits contenir de l'huile usagée non dangereuse acquise auprès de la société EARTH COMPANY LTD (« EARTH »), du port de Point Lisas (Trinité et Tobago) au port de Nhava Sheva (Inde).

Le 27 mars 2018 et le 6 avril 2018, la société CMA CGM a procédé au transport maritime des Conteneurs, sous couvert des connaissements no. PSP0150914B, PSP0150914A et PSP0151007 désignant la société A.A LOGISTICS et AVANI en tant que « chargeurs » (« *shipper* »), la société G.S. BHARAT REFINERY (« G.S. BHARAT ») en tant que destinataire (« *consignee* ») et partie à notifier (« *notify* »).

Le 24 mai 2018, lors du transbordement des Conteneurs au port de Ningbo (Chine), il a été constaté que les Conteneurs avaient été distordus sous la pression du gaz contenu à l'intérieur ainsi qu'un déversement de l'huile usagée causant une pollution importante dans le port.

A la suite de la saisie consécutive des Conteneurs par les autorités chinoises, la marchandise a été détruite après autorisation de la société AVANI et de la société GS BHARAT REFINERY.

DÈS LORS,

**ATTENDU QUE** l'article L.5422-10 du Code des Transports prévoit que « *le chargeur est responsable des dommages causés au navire ou aux autres marchandises par sa faute ou par le vice propre de sa marchandise.* » ;

**QUE** l'article 4.6 de la Convention de Bruxelles de 1924 amendée, applicable en l'espèce, dispose, s'agissant des marchandises de nature inflammable, explosive ou dangereuse, que « *les marchandises de nature inflammable, explosive ou dangereuse, à l'embarquement desquelles le transporteur, le capitaine ou l'agent du transporteur n'aurait pas consenti, en connaissant la nature ou leur caractère, pourront à tout moment, avant déchargement, être débarquées à tout endroit ou détruites ou rendues inoffensives par le transporteur, sans indemnité, et le chargeur de ces marchandises sera responsable de tout dommage et dépenses provenant ou résultant directement ou indirectement de leur embarquement. Si quelqu'une de ces marchandises embarquées à la connaissance et avec le consentement du transporteur devenait un danger pour le navire ou la cargaison, elle pourrait de même façon être débarquée ou détruite ou rendue inoffensive par le transporteur, sans responsabilité de la part du transporteur, si ce n'est du chef d'avaries communes, s'il y a lieu.* » ;

**ATTENDU EN OUTRE QUE** les conditions générales des connaissements CMA CGM émis en l'espèce prévoient que le « Marchand » indemnisera le transporteur maritime de toute dépense ou perte, de quelle que nature que ce soit, y compris des surestaries, frais de stockage et de manutention, résultant de la nature de la marchandise, de son empotage ou de son conditionnement et aussi de tout dommage consécutif à un défaut de déclaration de la nature dangereuse de la marchandise dont le transport est requis ou à une absence ou insuffisance d'empotage ou de conditionnement (clauses 20, 23 et 26) ;

**QU'**il est expressément précisé que le terme « Marchand » désigne « *le Chargeur, le Porteur du titre, le Destinataire, le Réceptionnaire de la Marchandise, et toute Personne propriétaire ou ayant-droit à la Marchandise ou au Connaissement, et toute personne agissant pour le compte de cette Personne* » (clause 1) et que « *toutes les personnes répondant à la définition du Marchand visée à la Clause 1 seront indéfiniment et solidairement responsables à l'égard du Transporteur du bon accomplissement des obligations auxquelles s'est engagé le Marchand dans le cadre de ce Connaissement* » (clause 26(1)) ;

**ATTENDU QU'**il ressort clairement des documents et faits de l'espèce, que le terme « Marchand » couvre indiscutablement les sociétés A.A LOGISTICS et AVANI, en tant que chargeurs, et la société GS BHARAT, en tant que destinataire, et que la société EARTH a été identifiée en tant que fournisseur de la marchandise ;

**ATTENDU QU'**il est établi que la société CMA CGM a subi un préjudice considérable du fait de l'insuffisance du conditionnement et de l'emballage de la marchandise connaissementée et de la déclaration fautive de sa nature ;

**QUE** ce préjudice, composé entre autres de frais de nettoyage, de dépollution, de stationnement des conteneurs et de destruction de la marchandise, est chiffré à ce jour à la somme de 1,300,000 USD, à parfaire ;

4

QU'en conséquence, les sociétés A.A. LOGISTICS, AVANI, G.S. BHARAT et EARTH devront être solidairement condamnées à indemniser le société CMA CGM de l'intégralité de cette somme, à parfaire ;

ATTENDU QU'il serait inéquitable de laisser à la charge de la société CMA CGM les frais irrépétibles engagés pour défendre ses droits ;

QU'il s'agira donc de condamner les sociétés A.A. LOGISTICS, AVANI, G.S. BHARAT et EARTH à lui payer la somme de 10.000 Euros au titre de l'article 700 du Code de Procédure Civile.

## PAR CES MOTIFS

*Vu les articles 1103, 1104 et 1241 du Code Civil,*
*Vu l'article L.5422-10 du Code des Transports*
*Vu l'article 4-6 de la Convention de Bruxelles amendée,*
*Vu les termes et conditions du connaissement de la société CMA CGM,*

- ➢ Condamner solidairement les sociétés A.A LOGISTICS LTD, AVANI ENVIRONMENTAL GROUP LLC, GS BHARAT et EARTH COMPANY LTD à payer à la société CMA CGM S.A., la somme de 1,300,000 US Dollars, à parfaire ;

- ➢ Condamner solidairement les sociétés A.A LOGISTICS LTD, AVANI ENVIRONMENTAL GROUP LLC, G.S. BHARAT REFINERY et EARTH COMPANY LTD à payer à la société CMA CGM S.A. la somme de 10.000 Euros, au titre de l'article 700 du Code de Procédure Civile, outre les entiers dépens.

- ➢ Ordonner l'exécution provisoire du jugement à intervenir, nonobstant appel, toute voie de recours et sans caution.

SOUS TOUTES RÉSERVES.

Pièces visées :
1. Confirmations de réservations
2. Connaissements
3. Correspondances
4. Lettres d'abandon et de décharge
5. Rapports d'expertise
6. Justificatifs des frais et coûts
7. Conditions générales de la société CMA CGM

# WRIT OF SUMMONS
## BEFORE
## THE COMMERCIAL COURT OF MARSEILLES

YEAR TWO THOUSAND NINETEEN AND

AT THE REQUEST OF:

**CMA CGM S.A.**
A French company registered at the Register of Trade and Companies of Marseilles under no. 562 024 422, located 4 quai d'Arenc 13002 MARSEILLES

Acting through its legal representative domiciled therein in this capacity,

Represented by its Attorneys-at-Law, Henri NAJJAR, of the Paris Bar, and Morgane ROUSSEL, of the Marseilles Bar, from AARPI Inter-Bars DELVISO-AVOCATS, 3 quai de la Joliette 13002 MARSEILLES, Tel.: 04.91.90.36.10, Fax: 04.91.90.36.11

WE

HAVE SUMMONED:

**(1) A.A LOGISTICS LTD**
A Trinidadian company located at 34 Mora drive, Sou Sou lands, Carlsen field, Chaguanas and domiciled at Central Warehousing Complex, Needlemate Warehouse Upstairs Office, Cunupia (TRINIDAD & TOBAGO)

in the person of its legal representatives domiciled therein.

**(2) AVANI ENVIRONMENTAL GROUP LLC**
A US company located at 648 North Dunton ave East Patchogue, New-York 11772 (UNITED STATES)

in the person of its legal representatives domiciled therein.

**(3) GS BHARAT REFINERY**
An Indian company located at 351 Mie Part A, Bahadurgarh, Haryana, 124507 (INDIA)

in the person of its legal representatives domiciled therein.

**(5) EARTH COMPANY LIMITED**
A Trinidadian company, located at 114 Kenneth Drive, Gopaul Lands, Marabella (TRINIDAD & TOBAGO)

in the person of its legal representatives domiciled therein.

TO APPEAR ON: TUESDAY 3 SEPTEMBER 2019 AT 08H30

At the hearing and before the Commercial Court of Marseilles, located at 2 rue Emile Pollak 13006 MARSEILLES.

Reminding, on the one hand, that according to article 56 of the Code of Civil Procedure, the defendant, if he does not appear, runs the risk of a judgment being rendered against him on the sole basis of the elements communicated by the applicant, and on the other hand, that article 853 of the same Code provides that the parties may plead their causes by themselves and have the ability to be assisted or represented by any person of their choice, this representative, if not an Attorney-at-Law, having to be bearer of a special power.
That article 861-2 of the Code of Civil Procedure provides:
*"Without prejudice to the provisions of article 68, the incidental demand aiming at obtaining time for payment as per article 1244-1 of the Civil Code can be formulated by statement, done, handed or addressed to the clerk, where it is filed. The person making such demand must prove before the hearing that the adverse party received the same by recommended letter with acknowledgment of receipt. The documents supporting the demand for time for payment must be attached to the statement. The person making the incidental demand is entitled not to appear at the hearing, as per paragraph 2 of article 446-1. In this case, the judge may accede to the demands made against such party, only if he deems them regular, admissible and well grounded."*

## MAY THE COURT

On March 2018, A.A. LOGISTICS LTD ordered from CMA CGM SA the maritime carriage, for AVANI ENVIRONMENTAL GROUP LLC ("AVANI"), of 25 flexitank containers ("the Containers") said to contain non hazardous used oil, acquired from EARTH COMPANY LTD ("EARTH"), from the port of Point Lisas (Trinidad and Tobago) to the port of Nhava Sheva (India).

On 27 March 2018 and 6 April 2018, CMA CGM proceeded to the maritime carriage of the Containers, under bills of lading no. PSP0150914B, PSP0150914A and PSP0151007 designating A.A. LOGISTICS and AVANI as "shippers", G.S. BHARAT REFINERY ("G.S. BHARAT") as "consignee" and party to be notified ("notify ").

On 24 May 2018, during the transshipment of the Containers at the port of Ningbo (China), it was found that the Containers had been distorted under the pressure of the gas contained therein and that there was a leakage of the used oil causing significant pollution in the port.

Following the subsequent seizure of the Containers by the Chinese authorities, the goods were destroyed after authorization by AVANI and G.S. BHARAT.

THEREFORE,

CONSIDERING THAT article L.5422-10 of the Transports Code provides that *"the shipper is liable for damage caused to the vessel or other goods by his fault or by the inherent defect of his goods."*;

**THAT** article 4.6 of Hague-Visby rules, which apply in this case, provides, regarding the case of goods with a flammable, explosive or dangerous nature, that *"goods with a flammable, explosive or dangerous nature, on which the carrier, master or agent of the carrier has not consented, knowing the nature or character, may at any time, before unloading, be landed at any place or destroyed or rendered harmless by the carrier, without compensation, and the shipper of these goods shall be liable for any damage and expenses arising out of or resulting directly or indirectly from their embarkation. If any of these goods shipped to the knowledge and with the consent of the carrier became a danger to the ship or cargo, it could similarly be landed or destroyed or rendered harmless by the carrier, without liability on the part of the carrier except for general average, if applicable. "*;

**CONSIDERING ALSO THAT** the general conditions of the CMA CGM bills of Lading issued in this matter provide that the *"Merchant"* shall indemnify the carrier against any expense or loss of any nature whatsoever, including demurrage, storage and handling, resulting from the nature of the goods, their stuffing or their packaging and also from any damage resulting from a failure to declare the dangerous nature of the goods whose carriage is required or from an absence or insufficiency of packing or packaging (clauses 20, 23 and 26);

**THAT** it is expressly specified that the term *"Merchant"* means *"the Shipper, Holder, Consignee, Receiver of the goods and any Person owning or entitled to the possession of the Goods or of this Bill of Lading and anyone acting on behalf of any such Person"* (clause 1) and that *"all of the Persons coming within the definition of Merchant in Clause 1 shall be jointly and severally liable to the Carrier for the due fulfilment of all obligations undertaken by the Merchant in this Bill of Lading"* (clause 26(1));

**CONSIDERING THAT** in the light of the facts and documents of the instant matter, the term *"Merchant"* undoubtedly encompasses A.A. LOGISTICS and AVANI, as shippers, and G.S. BHARAT, as consignee, and that EARTH has been identified as the supplier of the goods;

**CONSIDERING THAT** it is established that CMA CGM has suffered considerable damage as a result of the inadequacy of stuffing and packing of the goods and of the misdeclaration of their nature;

**THAT** this damage, composed *inter alia* of cleaning, depollution, container storage and cargo destruction costs, is today assessed at the sum of 1,300,000 USD, to be adjusted;

**THAT** as a consequence, A.A. LOGISTICS, AVANI, G.S. BHARAT and EARTH must be jointly and severally condemned to pay to CMA CGM this entire sum, to be adjusted;

**CONSIDERING THAT** it will be inequitable to let CMA CGM bear the irrecoverable costs incurred to safeguard its rights.

**THAT** A.A. LOGISTICS LTD, AVANI, G.S. BHARAT and EARTH must thus be condemned to pay to CMA CGM the sum of 10,000 €, pursuant to article 700 of the Code of Civil Procedure.

4

# FOR THESE GROUNDS

*Considering article 1103 and 1104 of the Civil Code,*
*Considering article L.5422-10 of the Code of Transports,*
*Considering article 4-6 of the Hague Visby Rules,*
*Considering the terms and conditions of CMA CGM's bill of lading,*

It is requested from the Commercial Court of Marseilles:

> ➤ To condemn jointly A.A LOGISTICS LTD, AVANI ENVIRONMENTAL GROUP LLC, GS BHARAT and EARTH COMPANY LTD to pay to CMA CGM S.A., the sum of 1,300,000 US Dollars, to be adjusted;

> ➤ To condemn AA LOGISTICS LTD, AVANI ENVIRONMENTAL GROUP LLC, GS BHARAT REFINERY and EARTH COMPANY LTD to pay to CMA CGM S.A., the sum of 10.000 €, pursuant to article 700 of the Code of Civil Procedure, as well as to the entire costs.

> ➤ To order the provisional execution of the judgment notwithstanding appeal, any recourse and without bail.

**WITH ALL RESERVES.**

**Supporting documents:**
1. Booking confirmations
2. Bills of lading
3. Correspondence
4. Abandonment and release letters
5. Survey report
6. Evidence of the costs incurred
7. CMA CGM's general conditions

SCP
**ROLL**
**MASSARD**
**NOCHEZ**

74 RUE SAINTE
- LE SAINT JAMES - BP 40055
13251 MARSEILLE Cedex 20
☏ : 04.91.59.90.80
🖷 : 04.91.59.90.81
✉ : scp.roll.massard@huissier-justice.fr

Site web: www.huissierdemarseille.fr
POPULAIRE MEDITERRANEE
IBAN N°: FR 76 14607 00226 00262607405 24

## ACTE
## D'HUISSIER
## DE
## JUSTICE
*EXPEDITION*

## PROCES VERBAL SIMPLE

LE : VENDREDI VINGT QUATRE MAI DEUX MILLE DIX NEUF

Cet acte a été dressé par l'Huissier de justice soussigné,

POUR
PROCESS FORWARDING INTERNATIONAL (PFI)
633 YESLER WAY
WA 98104 SEATTLE
ETATS-UNIS D'AMERIQUE

Le présent acte a été établi en 10 feuillets. La copie signifiée a été établie en 10 feuillets.

Le coût de l'acte est détaillé ci-contre.

En vertu des dispositions de l'article A444-12 de l'arrêté du 26 février 2016 fixant les tarifs réglementés des huissiers de justice, il est indiqué que la demande a été adressée le 24 mai 2019, à 14 heures 00.
L'acte a été remis à son destinataire le : voir en tête du présent acte.
Le motif de l'urgence est le suivant : demande expresse du mandant.

Christine MASSARD-NOEL    Arnaud ROLL    Claire NOCHEZ

| COUT DE L'ACTE | |
|---|---|
| Décret n°2016-230 du 26 février 2016<br>Arrêté du 26 février 2016 fixant les tarifs<br>réglementés des huissiers de justice | |
| Emolument<br>(Art R444-3 C. Com) | 180,00 |
| Frais de déplacement<br>(Art A444-48) | 7,67 |
| Total HT | 187,67 |
| TVA (20,00 %) | 37,53 |
| Taxe forfaitaire<br>(Art 302 bis du CGI) | 14,89 |
| Total hors affranchissement | 240,09 |
| Affranchissement<br>(Art R444-3) | |
| Affranchissement LS | 16,55 |
| Total TTC | 256,64 |
| Acte soumis à la taxe | |



| Références : V – 37358 |
|---|
| TR - PVS |